# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW G. SAPAULA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 14 C 7494 |
| BLITT AND GAINES, P.C., | ) | Judge Jorge L. Alonso |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692i(a)(2), requires a collector of consumer debts to "bring[] any legal action on a debt against any consumer" in the "judicial district or similar legal entity" where the debtor signed the contract sued upon or where the debtor resides. On July 2, 2014, the Seventh Circuit Court of Appeals in *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 638, *cert. denied*, 135 S. Ct. 756 (2014), held that the term "judicial district or similar entity" is "the smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Suesz* dealt with an action that had been filed in Indiana, but it expressly overruled *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996), in which the Court had held that the term had a broader definition and that each of Cook County's six "muncipal department districts" is not a "judicial district or similar entity." *See Suesz*, 76 F.3d at 638, 643. Moreover, the Seventh Circuit made *Suesz* retroactive. *Id.* at 649-50. The practical effect of *Suesz* with respect to Cook County is that a debt collector must file a collection suit in the appropriate particular municipal district and not simply in any one of the County's six districts.

The *Suesz* ruling appears to have led to the filing of a number of FDCPA suits, including the present one. On September 26, 2014, plaintiff, Matthew G. Sapaula, filed his complaint in this action, which asserts a single FDCPA claim that defendant, Blitt and Gaines, P.C., violated § 1692i by filing a debt-collection suit against him (the "Collection Case") in the First Municipal District of Cook County on April 12, 2013, when Sapaula resided in the Fifth Municipal District.

Defendant moves to dismiss the complaint on the ground that it is barred by the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k(d), which provides that an action may be brought "within one year from the date on which the violation occurs." The Seventh Circuit has not directly addressed when the FDCPA statute of limitations begins to run, but three Courts of Appeals and several district courts in this district have held that it begins to run when the allegedly wrongful collection action is filed or the debtor is served with or notified about the complaint. *See Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 447-48 (5th Cir. 2013) (runs when debtor receives notice of suit); *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002) (runs at service of process)*; Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (runs at filing); *Balik v. Blitt & Gaines, P.C.*, No. 14 C 8702, 2015 WL 764013, at *2 (N.D. Ill. Feb. 21, 2015) (Kennelly, J.) (runs at filing); *Padilla v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 7650, 2015 WL 513277, at *2 (N.D. Ill. Feb. 5, 2015) (Kocoras, J.) (runs at filing); *Komisar v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 14 C 7948, 2015 WL 427845, at *2 (N.D. Ill. Jan. 29, 2015) (Kendall, J.) (runs at filing); *Lockhart v. HSBC Fin. Corp.*, No. 13 C 9323, 2014 WL 3811002, at *9-10 (Aug. 1, 2014) (Durkin, J.) (runs at filing). Defendant contends that under either approach, plaintiff's complaint is untimely.

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under federal notice-pleading standards, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff can plead himself out of court by including in the complaint factual allegations that establish that he is not entitled to relief as a matter of law. *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006). "[A]lthough a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

Plaintiff's complaint indicates that defendant filed the Collection Case on April 12, 2013, (Compl. ¶ 8), and served the summons on May 11, 2013, (*id.*, Ex. A). Under either the "filing" or "service/notice" approach to the accrual of an FDCPA claim based on a collection action, plaintiff has pleaded himself out of court because this case was filed more than a year after either date.

Plaintiff attempts to avoid the limitations bar by relying on his allegation that on October 9, 2013, defendant filed in the Collection Case a motion for satisfaction or release of the judgment. (Compl. ¶ 23.) According to plaintiff, the filing of that motion constitutes "legal action" that makes the present suit timely. (Pl.'s Resp. 4.) The plaintiff in *Balik* raised a similar argument, which Judge Kennelly rejected, explaining: "By no stretch of the language can filing

a motion . . . in an already-pending case constitute 'bringing any legal action.' To do so would read the word 'bring' out of the [FDCPA]." 2015 WL 764013, at *3. This Court agrees. Plaintiff fails to cite relevant authority in support of his argument. Like Balik, he relies on two decisions, *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994) and *Blakemore v. Pekay*, 895 F. Supp. 972 (N.D. Ill. 1995), both of which are inapposite because they involved the initiation of garnishment and wage-deduction proceedings, not the filing of a motion in proceeding that had already been initiated. *See Balik*, 2015 WL 764013, at *3.

Because Sapaula filed suit on September 26, 2014, more than one year after the alleged violation, his claim is time-barred.

## CONCLUSION

Defendant's motion to dismiss this action for failure to state a claim [11] is granted. This action is dismissed with prejudice. Civil case terminated.

**SO ORDERED.**                          **ENTERED:**     **March 24, 2015**

_____
**JORGE L. ALONSO**
**United States District Judge**